UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

No. 02-4658

GEORGE POPE,
　　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Marvin J. Garbis, District Judge.
(CR-01-555-MJG)

Submitted: March 5, 2003

Decided: March 28, 2003

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Gregg L. Bernstein, MARTIN, SNYDER & BERNSTEIN, P.A., Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Odessa P. Jackson, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

George Pope appeals his conviction for two counts of mail fraud, 18 U.S.C. § 1341 (2000), based on the filing of fraudulent state income tax returns. Pope raised three issues on appeal. Finding no error, we affirm Pope's conviction and sentence.

First, Pope contends the district court erred in denying his motion to suppress the evidence because the agents applying for the warrant did not provide sufficient probable cause to justify its issuance. The factual findings underlying a motion to suppress, including credibility determinations, are reviewed for clear error, while the legal determinations are reviewed de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996). The defendant bears the burden of demonstrating a Fourth Amendment violation, *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978), and this court reviews the evidence in the light most favorable to the party prevailing below. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We find the district court did not clearly err in finding that the warrant application presented to the magistrate judge a substantial basis for the conclusion that there was probable cause for a search and that nexus existed between the place to be searched and the items to be seized. *See United States v. Blackwood*, 913 F.2d 139, 142 (4th Cir. 1990); *United States v. Anderson*, 851 F.2d 727, 729 (4th Cir. 1988).

Second, Pope asserts the Government failed to adduce sufficient evidence at trial that Pope had a specific intent to defraud. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). To support a guilty verdict on a charge of mail fraud, the jury must find a defendant acted with a specific intent to defraud. 18 U.S.C. § 1341; *Ham*, 998 F.2d at 1254. "Fraudulent intent may be inferred from the totality of the cir-

cumstances and need not be proved by direct evidence." *Id.* We find that the material related to the tax fraud scheme discovered in the apartment occupied by Pope provided sufficient evidence from which the jury could infer Pope's specific intent to file fraudulent returns.

Finally, Pope contends the district court erred in its denial of his request for a downward departure in the computation of his sentence. He asserts that his role in the fraud scheme was de minimus, and that the court erred in not granting a three-level downward adjustment pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.2 (2000). The defendant has the burden of showing by a preponderance of the evidence that he is entitled to a mitigating role adjustment. *United States v. Akinkoye*, 185 F.3d 192, 202 (4th Cir. 1999). Pope failed to shoulder that burden in light of the evidence that he ran a tax preparation service, and that the materials related to the tax scheme were recovered from his apartment. USSG § 3B1.2, comment. (nn.1,3). We find the district court did not clearly err in declining to grant Pope an adjustment for a minor or minimal role in the offense. *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998).

We affirm the district court's denial of the motion to suppress. We also affirm Pope's conviction and sentence. We dispense with oral argument because the facts and legal contentions area adequately presented in the material before the court and argument would not aid in the decisional process.

*AFFIRMED*